IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN TOMLINSON,**             **CASE NO. 2:07-cv-583**
                                                       **JUDGE GRAHAM**
         **Petitioner,**              **MAGISTRATE JUDGE ABEL**

v.

**ALLEN LAZAROFF, Warden,**

         **Respondent.**

## Report and Recommendation

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss this action as time-barred at this time be **DENIED**.  Respondent is **DIRECTED** to supplement the record with the transcript of petitioner's guilty plea and sentencing, as well as any other documents which may assist the Court in determining whether petitioner was advised of his right to appeal his sentence within twenty (20) days of the date of this order.

This case involves Tomlinson's February 25, 2005, convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on one count of gross sexual imposition.  In a judgment entry filed on May 16, 2005, the trial court sentenced petitioner to four years incarceration and adjudicated him a sexual predator.   Petitioner did not timely appeal; however, on December 5, 2005, he filed a motion for delayed appeal, alleging that he did not know about, and was not advised by either the trial court or his

attorney of his right to appeal. On January 5, 2006, the appellate court denied petitioner's motion for delayed appeal. On August 23, 2006, the Ohio Supreme Court dismissed petitioner's subsequent appeal as not involving any substantial constitutional question.

On June 18, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner states that he submitted the petition to prison officials for mailing on June 12, 2007. *See Petition*. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following ground:

> Defendant was not properly notified and/or informed of his right to appeal.

It is the position of the respondent that this action must be dismissed as time-barred.

Although petitioner signed an entry of guilty plea form acknowledging that he was aware of his right to appeal and of the time requirement for filing an appeal, *Exhibit 3 to Return of Writ*, the petition alleges that Tomlison"s attorney did not review the guilty plea form with him, but just told him to sign it, *see Exhibit 13 to Return of Writ*, and that he did not learn about his right to appeal until November 20, 2005, when he overheard other inmates discussing appellate rights. *See id.* Shortly thereafter, on December 5, 2005, petitioner filed his motion for delayed appeal with the state appellate court. *Exhibit 8 to Return of Writ*.

Under 28 U.S.C. §2244(d)(1)(D), an otherwise untimely federal habeas corpus

petition may be timely when a defendant is not advised of and does not know about his right to appeal if the petitioner acted in a reasonably diligent manner. *See DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006).  Here, however, neither the transcript of petitioner's guilty plea, nor the sentencing transcript have been made a part of the record before this Court.  Because the foregoing documents would be helpful to this Court's consideration of whether this action is time-barred, respondent is **DIRECTED** to supplement the record with the foregoing documents, as well as any other documents relevant to petitioner's allegation that he did not know about and was not advised of his right to appeal within twenty (20) days of the date of this order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel
United States Magistrate Judge

3